PUZERSKI *v*. BUHL STAMPING CO.

1. MASTER AND SERVANT—NEGLIGENCE—CONTRIBUTORY NEGLIGENCE —INFANTS—HAZARDOUS OCCUPATION—BURDEN OF PROOF.

To maintain an action for the loss of his fingers by a boy under 18 years of age while operating a motor-driven punch press, based on the theory that defendant was guilty of statutory negligence in employing plaintiff in an unduly hazardous occupation in violation of 2 Comp. Laws 1915, § 5332, plaintiff has the burden of proving that he was free from contributory negligence, and that he was employed by defendant in an unduly hazardous occupation in violation of the statute.

2. SAME—DIRECTED VERDICT.

Where the evidence showed that the punch press was of proper construction and in perfect order, that it could be set in motion only by some act of the operator, that it was unnecessary for him to put his hand in and plaintiff had been instructed not to do so, and the accident can be accounted for only by the fact that plaintiff must have applied the power while his hand was under the punch, he was guilty of contributory negligence as matter of law, barring his right to recover.

Error to Wayne; Smith (Guy E.), J., presiding. Submitted January 17, 1928.    (Docket No. 114.)    Decided April 3, 1928.

Case by Edwin Puzerski, an infant, by his next friend, against the Buhl Stamping Company for personal injuries.    Judgment for defendant *non obstante veredicto*.    Plaintiff brings error.    Affirmed.

*Martin & Williams*, for appellant.

*Wurzer & Wurzer*, for appellee.

MCDONALD, J.    The plaintiff brought this suit to

[1]Master and Servant, 39 C. J. §§ 1209, 1219; [2]Id., 39 C. J. § 1373; 12 L. R. A. (N. S.) 461; 20 L. R. A. (N. S.) 876; 48 L. R. A. (N. S). 667; 18 R. C. L. 635.

recover damages for personal injuries received while working in the manufacturing plant of the defendant. He was employed by the defendant as a punch-press operator.   He had been thus employed for six months prior to his injury, and was familiar with the use of the press which he was operating at that time.    It was a motor-driven press, and was set in motion by means of a foot treadle.    At the time of the accident, it was being used to stamp out milk can covers from metal discs.    The stamping of the disc required but a single operation.    The disc was placed into the machine by hand, after which the operator pressed the treadle with his foot, the punch descended, stamped, and released the disc, and automatically ascended to its normal position.    At the time of the injury, the plaintiff, using his left hand, had placed the metal disc into the machine, and had reached his right hand in to straighten it, when the punch descended and cut off four of his fingers.    It is his claim that he does not know what set the machine in motion; that it was not because he placed his foot on the treadle; that he did not do that or any other act which would constitute contributory negligence.    As to the defendant's negligence, it is not claimed that the machine was not properly constructed or was out of repair, but the theory of the plaintiff is that the defendant was guilty of statutory negligence in that plaintiff was under 18 years of age and was employed by the defendant in an unduly hazardous occupation in violation of section 5332, 2 Comp. Laws 1915.

The defense was that the plaintiff's injuries were due to his own negligence; that the employment was not unduly hazardous, and that, if it were so, the plaintiff is estopped from raising the question because at the time of his employment he fraudulently represented that he was 18 years of age.

When the proofs were concluded, the defendant

moved for a directed verdict. The motion was denied and the issues submitted to the jury. The plaintiff was given a verdict for a substantial amount. The defendant entered a motion for a new trial. The court denied a new trial but granted a motion for judgment *non obstante veredicto*. The plaintiff has brought error. The defendant also has assigned error under section 14569, 3 Comp. Laws 1915.

To maintain his action, the plaintiff had the burden of proving that he was free from contributory negligence, and that he was employed by the defendant in an unduly hazardous occupation in violation of the statute. As we are convinced that he was guilty of contributory negligence as a matter of law, it will not be necessary to consider other questions.

The plaintiff was injured while working alone on a press which was of proper construction and in perfect order. It could not be set in motion except by some act of the operator. The treadle was guarded by a wooden rail running from the front to the back of the machine, so that, after the metal discs were stamped and released, they could not fall on or against it. The machine was not in continuous operation. It stopped as soon as it had stamped the disc, and started again only when pressure was applied to the treadle. The admitted facts and circumstances were such that nothing but some human agency could have started the machine in motion at the time of the accident. Who did it? If it was the plaintiff, his act was negligent, caused the injury, and bars recovery. The operation was entirely within his control. No other person was present. He must have applied his foot to the treadle while his right hand was under the punch. There is no other way of accounting for the accident. There is no evidence that he did not do so except his statement to that effect given on his direct-examination, which he qualified on cross-examination as follows:

"*Q.* You may have unconsciously put your foot on there?

"*A.* I wouldn't say that I did.

"*Q.* You would not say that you didn't do it?

"*A.* I said that I don't remember how I did it.

"*Q.* So that you couldn't positively say that you did not put your foot on there, could you?

"*A.* No."

All of the circumstances and physical facts and every reasonable inference therefrom indicate that the accident could not have happened if the plaintiff had not set the machine in motion by placing his foot on the treadle. His testimony on direct-examination that he did not do so, qualified as it was by his cross-examination, was not sufficient to take the question of contributory negligence to the jury. Moreover, it is undisputed that it was not necessary for the operator of this press to put his hand into the machine for any purpose, and the plaintiff had been instructed not to do so. In view of the admitted facts, we cannot escape the conclusion that the plaintiff was guilty of contributory negligence as a matter of law. The circuit judge was not wrong in so holding.

The judgment is affirmed, with costs to the defendant.

NORTH, FELLOWS, WIEST, CLARK, and SHARPE, JJ., concurred.

The late Chief Justice FLANNIGAN did not sit.

The late Justice BIRD took no part in this decision.